UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>          -versus-<br><br>ABDERRAHMANE FARHANE,<br><br>          Defendant. | No. 05 Cr. 673-4 (LAP) |
| ABDERRAHMANE FARHANE,<br><br>          Petitioner,<br><br>          -versus-<br><br>UNITED STATES OF AMERICA<br><br>          Respondent. | No. 18 Civ. 11973 (LAP)<br><br><br>**ORDER** |

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Petitioner Abderrahmane Farhane's motion to vacate his plea, conviction, and sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel. (See § 2255 Motion, dated Dec. 10, 2018, 18 Civ. 11973, dkt. no. 2.) For the reasons set forth below, Mr. Farhane's motion is DENIED.

    The Court assumes the parties' familiarity with the facts of the case and will only give a high-level overview of pertinent background information. In 2006, Mr. Farhane pleaded guilty to crimes arising from his efforts to help send money to overseas terrorists in the wake of the 9/11 attacks. (See Nov. 9, 2006 Plea Hearing Tr., No. 05 Cr. 673-4, dkt. no. 91.) In

2007, the Court sentenced Mr. Farhane to a 13-year term of incarceration followed by a 2-year period of supervised release. (Judgment, dated Apr. 23, 2007, No. 05 Cr. 637-4, dkt. no. 133.) In 2017, Mr. Farhane was released early from prison, having received credit for good time served. (Affidavit of Mr. Farhane, dated Feb. 1, 2019, No. 18 Civ. 11973, dkt. no. 14 ¶ 44.)

In 2018, the U.S. Government initiated denaturalization proceedings against Mr. Farhane.  (See Complaint, dated Aug. 13, 2018 ("Denaturalization Compl."), United States v. Farhane, No. 18 Civ. 4347 (RPK) (E.D.N.Y.), dkt. no. 1.)  Mr. Farhane had become a U.S. citizen in 2002, and as part of the naturalization process, he reportedly answered "no" to the question of whether he had ever knowingly committed a crime for which he had not been arrested.  (See id. ¶¶ 65-80)  The criminal conduct to which Mr. Farhane pleaded guilty in 2006, however, dated back to 2001 -- i.e., to the period before he was naturalized.  (See Nov. 9, 2006 Plea Hearing Tr., No. 05 Cr. 637-4, dkt. no. 91, at 23:3-10.)  In the denaturalization action, the Government contends that Mr. Farhane illegally procured his naturalization by concealment and misrepresentation and that the false statements in his application and the conduct underlying his guilty plea showed an absence of the requisite good moral character. (Denaturalization Compl. ¶¶ 56-80.)

On December 19, 2018, Mr. Farhane filed the instant motion. He argues that the Court should vacate his guilty plea, conviction, and sentence on ineffective assistance of counsel grounds because his defense lawyer never advised him that pleading guilty might lead to denaturalization and possibly deportation.  (See Memorandum of Law in Support of § 2255 Motion, dated Feb. 1, 2019, No. 18 Civ. 11973, dkt. no. 11.)

The Supreme Court set forth the basic standard for ineffective assistance of counsel claims in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail on such a claim, the petitioner must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that he suffered prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 688, 694.  In context of plea negotiations, "it is a lawyer's general duty to advise a defendant concerning acceptance of a plea bargain."  Fulton v. Graham, 802 F.3d 257, 265 (2d Cir. 2015) (citation and internal quotation marks omitted). Effective assistance during plea bargaining includes advising noncitizen clients as to the deportation consequences of a conviction.  See Padilla v. Kentucky, 559 U.S. 356 (2010).

Mr. Farhane has not established ineffective assistance of counsel because, at a minimum, he failed to demonstrate that his

3

defense lawyer's conduct was objectively unreasonable. Mr. Farhane was a U.S. citizen at the time of his plea, meaning the conviction itself did not give rise to an imminent risk of deportation, as was the case in Padilla.  Rather, Mr. Farhane's denaturalization risk stemmed from his misrepresentations about not having engaged in criminal conduct and his having illegally procured naturalization.  Although Mr. Farhane's lawyer knew his client was naturalized, nothing in the record suggests his lawyer knew, or should have known, about the circumstances giving rise to Mr. Farhane's denaturalization exposure.  Because Mr. Farhane's lawyer had no basis for suspecting that the guilty plea could have immigration consequences, it was not objectively unreasonable for his lawyer to give no advice on that issue. See Strickland, 466 U.S. at 691 ("Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant.").

The Court reached a similar conclusion in Pizzuti v. United States, No. 01 Cr. 1122 (LAP), 2019 WL 274968, at *3 (S.D.N.Y. Jan. 10, 2019).  There, the petitioner made misrepresentations in his naturalization application and later pleaded guilty to misconduct pre-dating his naturalization.  After the Government filed a denaturalization action against the petitioner, he sought a writ of error coram nobis on ineffective assistance grounds.  The Court denied his petition, finding that his

4

lawyer's failure to advise on immigration risk was not improper because (1) "[a]t the time of his guilty plea, Petitioner was a naturalized citizen, and his conviction did not render him deportable," and (2) the petitioner's "false testimony and concealment of his criminal activity [were] the causes of the [denaturalization] proceedings against him, not his guilty plea and conviction."  Id. at *3 (internal citations and alterations omitted).  Here, as in Pizzuti, Mr. Farhane was a U.S. citizen when he pleaded guilty, and his conviction itself did not present any direct immigration consequences.

Mr. Farhane's principal authority, Rodriguez v. United States, 730 F. App'x 39 (2d Cir. 2018) (summary order), does not require a different result.  In Rodriguez, the Court of Appeals found that counsel's performance was objectively unreasonable when counsel "assured [the client] several times that [she] did not have to worry about the immigration consequences of a plea because [she] was a citizen."  Id. at 41 (quotation and citation marks omitted).  Unlike Mr. Farhane's case, Rodriguez involved affirmative misadvice from an attorney.  The Court of Appeals did not hold that a lawyer's performance is constitutionally defective if he or she fails to advise on immigration issues during plea negotiations when there is no apparent basis for suspecting that immigration consequences might be in play.

5

For the foregoing reasons, Mr. Farhane's motion is DENIED. The Clerk of the Court is directed to mail a copy of this order to Mr. Farhane and to mark this action closed and all pending motions denied as moot.

SO ORDERED.

Dated: March 31, 2020
       New York, New York

_____
LORETTA A. PRESKA
Senior U.S. District Judge