WILMERHALE

April 22, 2020

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

**BY ECF**

Hon. Loretta A. Preska
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  *United States v. Farhane*, 05-CR-00673; *Farhane v. United States*, 18-CV-11973

Dear Judge Preska:

Abderrahmane Farhane submits this reply in further support of his request for a certificate of appealability. Dkt. No. 255.

A certificate of appealability should issue because reasonable jurists could disagree as to whether the Sixth Amendment right to effective assistance of counsel turns on the distinction between affirmative misadvice and counsel silence, as this Court held in denying Mr. Farhane's habeas petition. *Padilla v. Kentucky*, 559 U.S. 356 (2010). In *Padilla*, the Supreme Court stated that limiting defense counsel's obligations to "affirmative misadvice would invite . . . [the] absurd result[]" of incentivizing counsel remain to silent where they know "that their clients face possible exile from the country and separation from their families." *Id.* at 370. Likewise, in *Rodriguez v. United States*, 730 F. App'x 39 (2d Cir. 2018), the Second Circuit vacated this Court's denial of a coram nobis petition and concluded that advice which "ignored the possibility of denaturalization" following entry of a plea agreement fell below an objective standard of reasonableness. 730 F. App'x at 42. This Court's conclusion that *Rodriguez* sanctions "affirmative misadvice from an attorney" but permits Mr. Farhane's counsel "fail[ing] to advise on immigration issues" altogether is, at the very least, subject to reasonable dispute. *United States v. Farhane*, No. 1:05-cr-00673-LAP-4, 2020 WL 1527768, at *2 (S.D.N.Y. Mar. 31, 2020). Neither *Padilla* nor *Rodriguez* permits the failure to give this critical advice when such severe consequences are at stake. Not only did the court of appeals' decision in *Rodriguez* not turn on such a distinction, but the Supreme Court rejected precisely this distinction in cases involving a lawyer's advice (or lack thereof) about the immigration consequences of a client's plea. Dkt. 251 at 14.

Similarly, reasonable jurists could disagree as to whether "prevailing professional norms at the time of [Mr. Farhane's] plea did not require criminal defense attorneys to provide advice regarding civil denaturalization." U.S. Ltr. 1 (Dkt. 256). By the time Mr. Farhane's counsel began representing him, the denaturalization statute (8 U.S.C. § 1451) had been part of the U.S. Code for over fifty years and had never changed. Dkt. 251 at 11-13. The government had

WILMERHALE

Hon. Loretta A. Preska
April 22, 2020
Page 2

invoked 8 U.S.C. § 1451 several times before Mr. Farhane was arrested, and the Second Circuit had issued three denaturalization decisions in the three years prior. *Id*. Prevailing professional norms at the time of Mr. Farhane's plea required his trial counsel, like all attorneys, to be apprised of the laws that could adversely affect his client and to advise him of these risks. *Id.*

None of the government's other arguments undermine the appropriateness of a certificate of appealability in this case.

First, the government is wrong to contend that "civil denaturalization is at most a collateral consequence of a criminal proceeding and therefore falls outside the scope of the Sixth Amendment's right to counsel." U.S. Ltr. 1. Like deportation, denaturalization is "an integral part—indeed, [possibly] the most important part—of the penalty" associated with Mr. Farhane's guilty plea. *Padilla*, 559 U.S. at 364; Dkt. 251 at 5. In *Padilla*, the Supreme Court held that the Sixth Amendment right to counsel applies to "particularly severe" immigration consequences that are "uniquely difficult to classify" as either direct or collateral. *Id*. at 365-66; Dkt. 251 at 4. The denaturalization penalty is both similarly severe and difficult to classify.

Second, the government is again wrong to speculate that Mr. Farhane "would have pleaded guilty even if he had been advised of the possibility of denaturalization." U.S. Ltr. 1. The denaturalization complaint Mr. Farhane must now answer is a direct consequence of his guilty plea. It is beyond reasonably probable that Mr. Farhane would have taken the risk of going to trial to protect not only his U.S. citizenship, but also his children's, as well as his continued lawful presence in the United States. Dkt. 251 at 16.

Finally, the government is incorrect in contending that *Padilla* does not apply to denaturalization cases. U.S. Ltr. 2, n.2. The Supreme Court held in *Padilla* that deportation of a non-citizen is so serious a consequence that failure by an attorney to advise a client about it renders the assistance of counsel ineffective under the Sixth Amendment. *See* 559 U.S. at 369-74. The same logic extends to advice on the severe consequence of denaturalization as to a U.S. citizen.

Issuance of a certificate of appealability requires only that reasonable jurists could disagree on the merits of the habeas petition. For the reasons discussed, that threshold is plainly met here. Mr. Farhane thus respectfully requests that this Court enter an amended order issuing a certificate of appealability to Mr. Farhane.

Respectfully submitted,

*/s/ Alan E. Schoenfeld*
Alan E. Schoenfeld

Cc:  All counsel of record (by ECF)