```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- x
UNITED STATES OF AMERICA,       :
                                :
        - against -             :    05-CR-673(LAP)
                                :    18-CV-11973 (LAP)
                                :
ABDULRAHMAN FARHANE,            :
                                :
              Defendant.        :
--------------------------------x
```

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

Before the Court is Defendant Farhane's request for issuance of a certificate of appealability, the Government's response, and Defendant's reply.  (Dkt. nos. 255-257 in 05 Cr. 673, 34-36 in 18 Cv. 11973).  For the following reasons, the request is denied.

As set out in the Court's March 31, 2020 order denying Defendant's petition pursuant to section 2255 (dkt. no. 32), in 2006, Defendant, a naturalized United States citizen, pleaded guilty to crimes arising from his efforts to help send money to overseas terrorists in the wake of the 9/11 attacks.  He was sentenced principally to 13 years incarceration and was released in 2017.

Thereafter, the United States initiated denaturalization proceedings based on Defendant's answer of "no" in 2002 on his naturalization application to the question of whether he had ever knowingly committed a crime for which he had not been

1

arrested. The criminal conduct to which he pleaded guilty in 2006, however, extended back to 2001, that is, prior to the time when he answered the question on his application for citizenship. In his petition, Defendant asserts that his attorney never advised him at the time of his plea that it could lead to denaturalization and possibly deportation.

In denying the petition, the Court found that defense counsel had no reason to know "the circumstances giving rise to Mr. Farhane's denaturalization exposure" and holding that because the defendant "was a U.S. citizen when he pleaded guilty . . . his conviction itself did not present any direct immigration consequences." (Dkt. no. 254 at 4- 5.) The Court rejected the defendant's reliance on the summary order in Rodriguez v. United States, 730 F. App'x 39 (2d Cir. 2018), in which the Court of Appeals found that defense counsel's performance was deficient because he affirmatively gave incorrect advice regarding immigration consequences. The Court noted that Rodriguez "did not hold that a lawyer's performance is constitutionally defective if he or she fails to advise on immigration issues during plea negotiations when there is no apparent basis for suspecting that immigration consequences might be in play." (Dkt. no. 254 at 5.)

The Defendant asserts that reasonable jurists could disagree as to whether Rodriguez recognized a distinction between affirmative misadvice and failure to advise regarding

denaturalization. But Rodriguez does not address the difference between affirmative misadvice and failure to advise; Rodriguez involved only misadvice. 730 F. App'x at 41. However, in finding defense counsel's assurances to his client that there would be no immigration consequences to be defective, the Court of Appeals relied on United States v. Kovacs, which held that "no reasonable jurist could find a defense counsel's affirmative misadvice as to the immigration consequences of a guilty plea to be objectively reasonable." 744 F.3d 44, 51 (2d Cir. 2014). Kovacs itself relied on a long line of precedent in this Circuit establishing that "misadvice was objectively unreasonable as far back as the 1970s." Id. at 50-51 (citing United States v. Couto, 311 F.3d 179 (2d Cir. 2002), and other cases). Those cases recognize a difference between affirmative misadvice and failure to advise and make clear that the latter does not constitute ineffective assistance of counsel. See, e.g., Couto, 311 F.3d at 187; United States v. Santelises, 509 F.2d 703, 704 (2d Cir. 1975) (per curiam).

There is no reason to question that distinction and to impose on criminal defense counsel a constitutional duty to advise naturalized U.S. citizen clients about denaturalization, much less to recognize that such a duty existed in 2006 when the Defendant pleaded guilty.

For the reasons set out above, the Court finds that Defendant has not made a substantial showing of the denial of a constitutional right, and thus the request for a certificate of appealability is denied.

SO ORDERED.

Dated:    New York, NY
          April 27, 2020

_____
Loretta A. Preska
Senior United States District Judge